1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8   FRANK TRUJILLO,                          )
                                             )
9                    Plaintiff,              )
                                             )
10        v.                                 )          3:10-cv-360-RCJ-VPC
                                             )
11                                           )          **ORDER**
    RYAN POWELL et al.,                      )
12                                           )
                     Defendants.             )
13                                           )
    _____

14

15        Currently before the Court is Plaintiff Frank Trujillo's Motion to Alter or Amend Judgment

16  or in the Alternative Relief from Judgment (#37).

17                              **BACKGROUND**

18        In June 2010, Plaintiff Frank Trujillo filed a complaint against Defendants Sergeant

19  Ryan Powell, Deputy Wayne Hawley, Sheriff Allen Veil, and the Lyon County Sheriff's Office

20  (collectively "Defendants"). (Compl. (#1)). Plaintiff alleged the following causes of action: (1)

21  unlawful seizure and excessive force, 42 U.S.C. § 1983; (2) municipal liability against Lyon

22  County; (3) assault and battery;  (4) injunctive relief; (5) punitive damages; (6) emotional

23  distress; and (7) attorney's fees. (*Id.* at 5-8).

24        In February 2011, Defendants filed a motion for summary judgment on all claims. (Mot.

25  for Summ. J. (#23) at 4). Plaintiff sought a non-opposed extension of time to respond to the

26  summary judgment for medical reasons. (Mot. to Extend Time (#24); Non-Opp'n to Extension

27  (#25)). This Court granted the motion to extend time and ordered Plaintiff to respond to the

28  motion for summary judgment by April 4, 2011. (Minute Order (#26)). On April 27, 2011, this

    Court entered a minute order scheduling oral argument for August 1, 2011. (Minute Order

1   (#28)).  After Plaintiff failed to file a response, Defendants filed a reply on June 27, 2011.

2   (Reply to Mot. for Summ. J. (#29)).  On July 28, 2011, Plaintiff filed an opposition to the motion

3   for summary judgment.  (Opp'n to Mot. to Summ. J. (#31)).

4        On August 1, 2011, the Court heard oral argument on the motion for summary

5   judgment.   (Minutes of Proceeding (#36)).   The Court made inquiries and heard

6   representations from both parties with respect to the motion at issue.  (*Id.*).  The Court advised

7   counsel of its intention to grant the motion for summary judgment but noted that the Court

8   would issue a written order.  (*Id.*).

9        On August 2, 2011, the Court issued a written order granting Defendants' motion for

10  summary judgment. (Order (#34) at 13).  The written order noted that Plaintiff's response was

11  untimely but identified the evidence attached to Plaintiff's response.  (*Id.* at 1).  The written

12  order set out facts and provided nine pages of law and analysis.  (*Id.* at 1-12).

13                              **LEGAL STANDARD**

14       Pursuant to Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a

15  judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P.

16  59(e).  Pursuant to Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its

17  legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence,

18  surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).

19       A motion to reconsider must set forth "some valid reason why the court should

20  reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to

21  persuade the court to reverse its prior decision."  *Frasure v. United States*, 256 F.Supp.2d

22  1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with

23  newly discovered evidence, (2) committed clear error or the initial decision was manifestly

24  unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J v. Acands,*

25  *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an avenue to

26  re-litigate the same issues and arguments upon which the court already has ruled."  *Brown v.*

27  *Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

28

**DISCUSSION**

In his motion, Plaintiff seeks either Rule 59(e) or 60(b)(1) relief on grounds that this Court ruled from the bench and did not consider all of the evidence before it.  (Mot. to Alter (#37) at 2).   Plaintiff argues that the written order "seems to be based on different considerations." (*Id.*).  Plaintiff then reargues his version of the facts.  (*Id.* at 3-5).

In response, Defendants argue that this Court did consider Plaintiff's opposition in its written decision and analyzed Plaintiff's claims on the merits.  (Resp. to Mot. (#38) at 4).

Plaintiff filed a reply.  (Reply to Mot. (#40) at 1-2).

In this case, the minutes establish that the Court gave an inclination to grant the motion for summary judgment at the hearing and stated that it would provide a written order.  (*See* Minutes of Proceeding (#36)).  The written order clearly addresses the evidentiary contents of Plaintiff's untimely response.  (*See* Order (#34) at 1 n.1).  Moreover, a reading of the order demonstrates that this Court considered the motion for summary judgment on the merits.  (*See id.* at 4-12).  As such, the Court denies the Motion to Alter or Amend Judgment or in the Alternative Relief from Judgment (#37).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Alter or Amend Judgment or in the Alternative Relief from Judgment (#37) is DENIED.

DATED: This  8th   day of December, 2011.

_____
United States District Judge